# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daisy Lorraine Smalls, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:18-1504-RMG |
| vs. ) | |
| ) | |
| Andrew Saul, Commissioner of ) | |
| Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") July 29. 2019, recommending that the Commissioner's decision be affirmed. (Dkt. No. 21). Plaintiff filed objections to the Magistrate's Judge's R & R and the Commissioner filed a response. (Dkt. Nos. 22, 23).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, provided that the District Court has no duty to address objections which have been already raised before and fully addressed by the Magistrate Judge. *Nichols v. Colvin*, 100 F.Supp.3d 487, 497

(E.D. Va. 2015). The District Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

The administrative record documents, and the Administrative Law Judge ("ALJ") recognizes, Plaintiff's multiple orthopaedic abnormalities, which include severe impairments of the cervical and lumbar spine, right shoulder, and right carpal tunnel syndrome. Tr. 17-23. The ALJ further recognizes that these impairments reduce Plaintiff's capacity to function in the work place, finding that she is limited to light work. Tr. 17. The ALJ finds that Plaintiff is capable of performing her prior relevant work as a receptionist, which requires only the capacity to perform

sedentary work. Tr. 23. Under controlling Social Security law, a claimant able to return to her prior relevant work is not disabled. 20 C.F.R. § 404.1560(b)(3).

The Plaintiff argues various issues already fully briefed and capably addressed by the Magistrate Judge, making a rehashing of these issues here unnecessary. A major thrust of Plaintiff's objections is that the ALJ failed to consider the full record when concluding that despite her multiple severe impairments and frequently documented complaints of pain, she retained the RFC to perform her past relevant work as a receptionist. The Court has reviewed with care the underlying medical record, and there is evidence supportive of Plaintiff's claims and evidence supportive of the ALJ's findings. None of the Plaintiff's treating physicians offered the opinion that she has impairments that prevent her from sustaining competitive employment, and there is record evidence indicating that Plaintiff is capable of performing many activities of daily living, shopping, and raking her yard. Tr. 64-66, 339-41, 577, 658-59, 664. On the other hand, there are entries in her treatment records documenting Plaintiff's persistent complaints of pain and searching for treatments to provide her relief. Tr. 53-56, 483, 487, 510, 538, 615, 675. Where there is a contested record, it is the responsibility of the fact finder, here the ALJ, to weigh that evidence and make findings. If there is substantial evidence to support those findings, the District Court has the duty to affirm the decision of the Commissioner under the substantial evidence rule.

After a thorough review of the administrative record, the Court is satisfied that the Magistrate Judge ably and thoroughly analyzed the factual and legal issues in this matter and appropriately recommended that the decision of the Commissioner should be affirmed. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 22) as the order of

this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

August 24, 2019
Charleston, South Carolina